FILED

**NOT FOR PUBLICATION**

DEC 08 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GLENN DAVID O'NEAL, | No. 13-16832 |
| Plaintiff - Appellant, | D.C. No. 1:12-cv-01299-RRB |
| v. | |
| A. SOLIS; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Ralph R. Beistline, Chief Judge, Presiding[**]

Submitted November 18, 2014[***]

Before:     LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

California state prisoner Glenn David O'Neal appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging various

_____

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Ralph R. Beistline, Chief United States District Judge
for the District of Alaska, sitting by designation.

[***]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

constitutional claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (en banc) (legal rulings on exhaustion of administrative remedies); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A). We affirm.

The district court properly concluded that O'Neal failed to exhaust his administrative remedies because the documents attached to the complaint showed that O'Neal had not exhausted his grievances for each cause of action before presenting them to the court. *See Woodford v. Ngo*, 548 U.S. 81, 85, 93-95 (2006) (holding that "proper exhaustion" is mandatory and requires adherence to administrative procedural rules); *see also Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987) (court may consider documents attached to the complaint).

The district court did not abuse its discretion by denying O'Neal's motion for reconsideration because O'Neal failed to establish a basis for such relief. *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (standard of review and grounds for reconsideration under Fed. R. Civ. P. 59(e) and 60(b)).

Because we affirm on the basis of O'Neal's failure to exhaust, we treat the judgment as a dismissal without prejudice as to all claims, and do not address

O'Neal's contentions concerning the merits of his claims. *See Lira v. Herrera*, 427 F.3d 1164, 1170 (9th Cir. 2005) ("[A] district court must dismiss a case without prejudice when there is no *presuit* exhaustion." (citation and internal quotation marks omitted)).

**AFFIRMED.**